GABRIEL D. JACK
CA Bar 212741
Muston & Jack, PC
1625 The Alameda, Suite 315
San Jose, CA
Phone: (408) 293-2026
Fax:  (408) 293-7617
Email:  gjack@mj-law.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ahmad David SAKHI JAVED,<br><br>　　　Plaintiff<br>　v.<br><br>Carl Risch, Assistant Secretary for Consular Affairs at the U.S. Department of State; Edward Ramotowski, Deputy Assistant Secretary for Visa Services at the U.S. Department of State; U.S. Department of State; Consul General of the U.S. Embassy in Kabul, Afghanistan;<br><br>　　　Defendants | Case Number: 19-3410<br><br><br>PLAINTIFF'S COMPLAINT FOR INJUNCTIVE AND MANDAMUS RELIEF |

Plaintiff, Ahmad David Sakhi Javed, through counsel, files the instant action to compel agency action unreasonably delayed and states the following in support:

Complaint
Page 1

## I. JURISDICTION

**Under the Mandamus Statute, 28 U.S.C. § 1361**

1. The District Court has subject matter jurisdiction under the Mandamus Statute, 28 U.S.C. §1361. District Courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to them. 28 U.S.C. § 1361. In this case, Defendants have failed or refused to adjudicate an immigrant visa petition for Plaintiff's wife in a timely and reasonable manner even though they have a clear, non-discretionary duty to do so and there is no other remedy available to Plaintiff.

**Under the Federal Question Statute, 28 U.S.C. § 1331 in Conjunction with the APA**

2. The federal question statute confers jurisdiction over questions involving actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

3. This Complaint alleges unreasonable delays under the Administrative Procedure Act (hereinafter "APA"), 5 U.S.C. §§555(b) and 701 *et seq*. The United States has waived sovereign immunity under 5 U.S.C. § 702. Courts have held that alleging a violation of 5 U.S.C. § 555(b) brings the action within federal question jurisdiction as long as the claim is not "wholly insubstantial and frivolous," or "patently without merit." *Bartolini v. Ashcroft*, 226 F.Supp. 2d 350, 353-54 (D. Conn. 2002), *citing others*. Other courts have found jurisdiction if the Plaintiff alleges a violation of the APA in conjunction with a claim under 28 U.S.C. § 1361 to compel agency action that is unreasonably delayed or unlawfully withheld. *Mustafa v. Pasquerell,* 2006 WL 488399*2 (W.D. Tex. Jan. 10, 2006).

**Under the Immigration and Nationality Act as Amended by the REAL ID Act**

4. REAL ID amended INA §242; 8 U.S.C. §1252 to limit judicial review of removal orders. INA §242(a)(2)(B); 8 U.S.C. §1252(a)(2)(B) does not divest this Court of jurisdiction in this action.

5. REAL ID precludes review over any other *discretionary* decision or action of the Attorney General. INA §242(a)(2)(B)(i) and (ii); 8 U.S.C §1252(a)(2)(B)(i) and (ii).

6. Plaintiff is not asking this Court to review a judgment denying his wife's immigrant visa. Nor is Plaintiff asking that this Court order the Defendants to approve his wife's immigrant visa. Nor is Plaintiff asking that this Court mandate how the Defendants exercise their discretion. Instead, this action arises out of the Defendants' refusal to act at all.

7. Several courts have held that INA §242(a)(2)(B); 8 U.S.C. §1252(a)(2)(B) does not preclude judicial review in similar cases. "The government does not possess unfettered discretion to relegate aliens to a state of 'limbo,' leaving them to languish there indefinitely." *Am. Acad. of Religion v. Chertoff,* 463 F.Supp.2d 400, 420 (S.D.N.Y. 2006); *Razaq v. Poulos,* 2007

WL 61884 at *3 (N.D. Cal., Jan 08, 2007 (It is equally clear that Congress had to have intended the executive branch to complete these adjudications within a reasonable time—because imposing no time constraint at all on the executive branch would be tantamount to giving the government the power to decide whether it would decide…A "duty to decide" becomes no duty at all if it is accompanied by unchecked power to decide when to decide.); *Paunescu v. INS*, F.Supp.2d 896, 900 (N.D. Ill. 1999).

8. Plaintiff has raised purely legal, non-discretionary claims, over which this Court may assume jurisdiction. Section 1252 clearly precludes judicial review only over discretionary decisions. Judicial review is not barred, however, over legal determinations such as those made by Defendants.

## II. VENUE

9. Venue is proper under 28 U.S.C. § 1391(e)(3) because the Plaintiff resides in this district and no real property is involved in this action.

## III. PARTIES

10. Plaintiff Ahmad David Sakhi Javed is a U.S. citizen married to Mrs. Shabnam Alokozay. The immigrant visa for Mrs. Alokozay has been pending with the Department of State since December 6, 2017. Mr. Sakhi Javed's place of residence is 27811 Hummingbird Ct, Hayward, California, 94545.

11. Defendant Carl Risch is the Assistant Secretary for Consular Affairs at the U.S. Department of State and is sued in his official capacity only. Defendant Risch is responsible for, among other things, administration of immigration laws at the U.S. consulates.

12. Defendant Edward Ramotowski is the Deputy Assistant Secretary for Visa Services at the U.S. Department of State and is sued in his official capacity only. Defendant Ramotowski is responsible for, among other things, overseeing administration and adjudication of immigrant visa applications at the U.S. consulates.

13. Defendant United States Department of State is an agency of the United States and has responsibility for administration of immigrant visas.

14. Defendant Consulate General of the U.S. Embassy in Kabul, Afghanistan is responsible for, among other things, administration and adjudication of immigrant visa applications made to the U.S. Consulate in Kabul.

## IV. STANDING

15. Plaintiff has standing to sue. To have Article III standing, plaintiff must have suffered:

> (1) an "injury in fact," *i.e.*, harm to a legally protected interest that is "concrete and particularized" and "actual or imminent," (2) "fairly traceable to" the challenged conduct; and (3) "likely to be redressed" by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations omitted).

16. When the Court is being asked to grant relief based on statutory authority, such as the APA, the Plaintiff must also show that the claim falls within the "zone of interest" that the statute was intended to protect, and that the Plaintiff has suffered injuries "proximately caused" by the alleged statutory violation. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1388, 1390 (2014). To fall within the "zone of interest," the Plaintiff's claims must be among those the statute "arguably" was intended to protect, which is a broader category than those Congress specifically intended to protect. *Id*. At 1388-89.

17. Many courts have found standing to sue in similar circumstances. See *Alwan v. Risch* (S.D. Ohio, 2019).

18. Here, the Defendants' lengthy delay in adjudicating his wife's immigrant visa application has seriously infringed upon the Plaintiff's right to freedom of association, as it has caused him to be apart from his wife for over one year. It has also caused him substantial emotional distress and economic hardship in the form of: international travel costs to visit his wife, costs of maintaining two households, and costs of having to hire immigration counsel. These injuries clearly fall within the zone of interest which the APA intends to protect.

## V.   FACTUAL ALLEGATIONS

19. Plaintiff, Mr. Ahmad David Sakhi Javed, a U.S. citizen, brings this mandamus action to compel Defendants to complete the adjudication of the immigrant visa for his wife, Mrs. Shabnam Alokozay (a citizen of Afghanistan), which has been pending since August 10th, 2016.

20. Mr. Sakhi Javed filed an I-130 Petition for Alien Relative for his wife on 08/10/2016, which was approved by USCIS on 04/05/2017. On 10/27/2017, Mrs. Alokozay filed the DS-260 Immigrant Visa Electronic Application, and the case was transferred from the National Visa Center to the U.S. Consulate in Kabul, Afghanistan on 12/06/2017. On 01/16/2018, Mrs. Alokozay appeared for her immigrant visa interview at the U.S. consulate in Kabul, Afghanistan. The Consulate then requested Mrs. Alokozay to complete a supplemental questionnaire, DS-5535, which she completed and submitted on 02/16/2018. In the approximately one and a half years following the interview, Mrs. Alokozay and Mr. Sakhi Javed sent over 10 email inquiries to the consulate in Kabul seeking information about the case. Mrs. Alokozay also appeared in person at the Consulate in Kabul to inquire about the case, and Mr. Sakhi Javed enlisted the assistance of U.S. Representative Eric Salwell's office. In May, 2019,

the couple retained legal counsel, undersigned, who also sent an inquiry to the consulate regarding the lengthy delay. All inquiries received generalized responses stating only that the case was in administrative processing.

21. Mr. Sakhi Javed is prejudiced by the undue delay in the processing of his wife's immigrant visa. But for the Defendants' delay in the processing of Mrs. Alokozay's visa, Mr. Sakhi Javed would be reunited with his wife, and would not have suffered the resulting emotional distress nor economic hardship.

22. The APA requires that an agency conclude a matter presented to it "within a reasonable time." 5 U.S.C. §555(b). The APA further further provides that courts "*shall*... compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1) (emphasis added). In order to determine what constitutes a reasonable time, the courts will look to the following factors: (1) whether the time an agency takes to render a decision is governed by the rule of law; (2) where Congress has provided a timetable or other indication of the speed in which it expects an agency to act, then the enabling statute and statutory scheme may supply content for this rule of reason; (3) delays in the realm of economic regulation are less tolerable when human health and welfare are at stake; (4) consideration of the effect of expediting delayed action on agency actions of higher or competing priority; (5) the nature and extent of the interests prejudiced by delay; and (6) the impropriety of agency lassitude is not required to find that agency action has been unreasonably delayed. *Telecomms. Research & Action Center v. FCC*, 759 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC factors").

23. Applying the TRAC factors to the instant case, it is clear that the Defendants' delay is unreasonable. Neither the Department of State nor the U.S. Consulate in Kabul, Afghanistan provide a specific timetable for the speed of processing immigrant visas. However, the case status online states, "Your visa case is currently undergoing necessary administrative processing. This processing can take several weeks." (ceac.state.gov). This statement seems to imply that a decision ought to be expected in a matter of weeks, not months or years. Given that the U.S. consulates are able to regularly adjudicate and issue immigrant visas, including those that require administrative processing, within a few weeks of the applicant's interview, it is reasonable to assume that compelling the Defendants to expedite this delayed application would not negatively affect the agency. The injuries caused to the Plaintiff by this delay are serious and extensive, and they are affecting his health and welfare, as well as his economic interests. The agency delay has caused Mr. Sakhi Javed to be apart from his wife for over one year. The stress of this situation also likely contributed to Mr. Sakhi Javed's wife's recent miscarriage and loss of their unborn child.

Complaint

Page 5

## VI. CLAIMS FOR RELIEF

24. Plaintiff re-alleges and incorporate by reference paragraphs 1 through 23 above.

25. Defendants have willfully and unreasonably delayed in, and have refused to, adjudicate the Immigrant Visa Application, thereby depriving the Plaintiff of his right to be with his wife.

26. Defendants owe Plaintiff a duty to adjudicate the Immigrant Visa Application and have unreasonably failed to perform that duty.

27. No exhaustion requirements apply to Plaintiff's Complaint. Plaintiff is owed a duty to have the Immigrant Visa Application adjudicated and has no other adequate remedy available for the harm he seeks to redress.

28. The Department of State is legally required to make a decision on the Immigrant Visa Application, and such a decision is only a ministerial act. Since the Plaintiff is only asking for a decision, the only remaining issue is whether the Defendants' delay is reasonable.

29. Plaintiff does not bring this action asking the court to set agency-wide timelines, but to assure that the Department of State and Consulate not be left with unfettered discretion in the dispensing of a non-discretionary duty. Plaintiff asks this Court to reject the idea that "time" alone, should be the sole gauge of whether the delay has been reasonable. Rather, Plaintiff asks the Court to decide whether the delay in this case is reasonable based on the history with which the Defendants have treated and handled the Plaintiff's matter.

## VII. REQUEST FOR RELIEF

30. WHEREFORE, Plaintiff requests that the Court:

31. Assume jurisdiction over the matter.

32. Compel the Defendants to take all appropriate action to adjudicate the Immigrant Visa Application filed by Plaintiff's wife without further delay.

33. Award Plaintiff reasonable costs and attorney's fees; and

34. Award such further relief as the Court deems just and proper.

Respectfully submitted,

By: _____
Gabriel D. Jack
Attorney at Law

Dated:  May 31, 2019